**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 04-cv-01258-LTB-BNB

STUDENT MARKETING GROUP, INC.,

    Plaintiff,

v.

COLLEGE PARTNERSHIP, INC., f/k/a
COLLEGE BOUND STUDENT ALLIANCE, INC.,

    Defendant

_____

**Order**
_____

Defendant College Partnership Inc. ("CPI") moves for a new trial by evidentiary hearing or to alter or amend judgment awarding attorney fees to plaintiff Student Marketing Group ("SMG"). For the reasons discussed below, CPI's motion is GRANTED, in part and DENIED, in part.

### I. BACKGROUND

On August 25, 2005 this Court granted summary judgment to SMG in its breach of contract claim against CPI, denied CPI's counterclaims against SMG and awarded SMG damages of $127,462.59, plus attorney fees and costs. On December 28, 2005, after briefings from the parties that included SMG's original motion for attorney fees, CPI's response to this motion, SMG's Supplement to Motion for Fees, CPI's Response to this Supplement, and CPI's sur-reply to SMG's Motion for fees, this Court issued an Order denying CPI's request for an evidentiary

hearing and granting SMG attorney fees and costs of $284,716.30. On January 18, 2006 CPI filed this motion pursuant to Fed. R. Civ. P. 59, to amend the judgment and for a new trial in the form of an evidentiary hearing, to resolve purported factual disputes regarding attorney fees and costs.

## II.  STANDARD OF REVIEW

A.     Rule 59 Motion

A Court may exercise its discretion under Rule 59 to grant a new trial "whenever, in its judgment, this action is required in order to prevent injustice." *Plaut v. Estate of Rogers,* 959 F. Supp. 1302, 1304-1305 (D. Colo. 1997). A new trial should not be granted unless there has been "prejudicial error" or "substantial justice has not been done." *Id.*  The purpose of a motion under Rule 59 "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997).  A Rule 59 motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. American Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991). A Rule 59 motion "is not a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches,* 950 F. Supp. at 300.

B.     Contractual Attorney Fees

A district court has "wide latitude" in determining the appropriateness and reasonableness

of awards of attorney fees. *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1210 (10th Cir. 1986). Where attorney fees are provided for in a contract, a district court has "far less equitable discretion" than in cases where attorney fees are awarded under a fee-shifting statute. *U.S. for the Use of C.J.C., Inc. v. Western States Mechanical Contractors, Inc.,* 834 F.2d 1533, 1549 (10th Cir. 1987). In contractual fee award cases, the role of the district court is to enforce the bargain between the two parties and "to make the non-breaching party whole." *Id.* at 1547. "Normally, where the court is merely enforcing a contractual provision authorizing attorney's fees, the fees are routinely awarded and the contract is enforced according to its terms." *Id.* at 1548. Unlike in the case of a fee-shifting statute, "the trial court is not responsible for independently calculating a 'reasonable' fee." *Id.* at 1549. The district court should only reject contractual attorney fees if they are "unreasonable or inequitable." *Id.* at 1550.

### III. DISCUSSION

CPI moves here for an amendment of the judgment and for a new trial in the form of an evidentiary hearing. I will address both of these issues.

A.  Amendment of Judgment

CPI claims first that the judgment of $284,716.30 is in error because it included $5,169.32 in costs which had already been taxed as costs against CPI in the Judgment for Costs entered on September 28, 2005. CPI argues that the Court should have subtracted this amount from the award of fees and costs. After reviewing the record, I find that CPI is correct. The judgment of fees and costs will be adjusted accordingly.

SMG asserts that this discrepancy is not a manifest error of law so cannot be considered under Rule 59, but instead must be considered a clerical error under Rule 60(a). This quibbling is

unavailing. This court made a mistake and it will correct it. CPI's motion on this issue is granted.

B.  Evidentiary Hearing

CPI argues that the Court erred by making a judgment on attorney fees and costs based on affidavits and briefs by the parties without holding an evidentiary hearing, as requested by CPI. While an evidentiary hearing is common practice, a district court may determine attorney fees without a hearing if the district court determines "it has sufficient knowledge to make a decision without a hearing based on its experience with the case, and briefs and affidavits submitted by the parties." *Gamble, Simmons & Co. v. Kerr-McGee Corp.,* 175 F.3d 762, 774 (10th Cir. 1999).

CPI asserts several specific errors for which it seeks relief. I address each of them below.

1.  Factual Disputes in Affidavits Regarding Reasonableness of Hourly Rates

CPI asserts that a hearing is necessary in this case because I found the affidavit of Bennett Aisenberg, submitted by CPI, to be unpersuasive. CPI characterizes this lack of persuasiveness as "questions" about the affidavit, which ought to be resolved by a hearing.

I disagree. In my December 28, 2005 Order I reviewed all of the evidence and arguments provided by the parties. This included affidavits by both parties, detailed billing records presented by KLNG, information regarding the hourly rates of SMG's other law firm, as well as the hourly rates of CPI's law firm, Burg Simpson, and evidence from a 2004 survey of the National Association of Legal Assistants regarding hourly rates of para-legals. On the basis of all of this evidence, I concluded that KLNG had provided evidence that its rates were reasonable and that CPI had failed to provide persuasive evidence that KLNG's rates were unreasonable.

Under the relaxed standard of a contractual award of attorney fees, this is sufficient to uphold KLNG's fees. SMG has provided extensive records detailing its fees and an affidavit

attesting to their reasonableness. CPI has failed to persuade me, in light of this evidence, that these fees are not reasonable. CPI obviously would prefer an opportunity in a hearing to further make its case. But the desire to make a more persuasive case in a hearing is not the kind of "clear error" or "manifest injustice" contemplated by Rule 59.

    2.    Insufficient Record on Costs and Expenses

CPI contends here that a hearing is needed to address the validity of about $11,000 in miscellaneous expenses, such as overtime and word-processing, and about $11,000 in travel costs. CPI argues that the court must hold a hearing to assess these costs because neither party provided an affidavit as to the reasonableness of these costs, and the record contains insufficient information to prove their validity. However, CPI's challenge to these costs was that the overhead should have been included in KLNG's hourly rates, and the travel costs would have been unnecessary had SMG retained local rather than out of town counsel.

I explained in my Order why these arguments were unavailing, and there is no need to repeat them here. CPI contends that I have impermissibly shifted the burden to them to prove that SMG's fees are not reasonable. However, SMG has provided substantial documentation for these expenses. CPI did not provide any evidence or argument that persuaded me that this documentation was incomplete or inaccurate. On this basis, under the standard of a claim for contractual attorney fees, I concluded that these costs were reasonable. While CPI may believe it can make a more persuasive case in a hearing than it did in its briefs, this is not a basis to grant a Rule 59 motion.

    3.    Colorado Law Requires a Hearing

CPI argues that under Colorado law it would have a right to a hearing once it timely

disputed SMG's claim of attorney fees. CPI cites *Roberts v. Adams,* 47 P.3d 690, 700 (Colo. Ct. App. 2001), for the proposition that "a party is entitled to an evidentiary hearing to determine a reasonable amount of attorney fees (where the party) presents the affidavit of an expert on attorney fees raising disputed issue of facts and a significant amount of attorney fees has been requested." CPI argues that this state law rule should apply here because in a diversity case like this Colorado substantive law applies.

Even assuming that CPI is correct that under these facts a hearing on attorney fees is mandatory in a Colorado court, it does not follow that this rule applies to this Court. Under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the substantive law of the forum state, but applies federal procedural law. *Boyd Rosene and Associates, Inc. v. Kansas Mun. Gas*, 174 F.3d 1115, 1119 (10th Cir. 1999). So this inquiry reduces to whether the hearing requirement for attorney fees is substantive or procedural.

In *Roberts,* the Colorado Court of Appeals interpreted C.R.C.P. 121 § 1-22 to conclude that hearings for attorney fees are mandatory. This Rule addresses the time-lines for filing a motion for attorney fees, the documentation necessary to support such a claim and the circumstances that require such a hearing. The Rule does not address the availability, amount or criteria for attorney fees. This Rule is unquestionably procedural and not substantive, and thus does not govern this case.

Other circuits considering this issue have reached the same conclusion. "The decision to hold an evidentiary hearing when making an attorney fees award is a matter of procedure, and is therefore governed by federal law, in a diversity case." *Taco Bell Corp. v. Continental Gas. Co.,* 388 F.3d 1069, 1076 (7th Cir. 2004). *See also Shakey's, Inc. v. Covalt,* 704 F.2d 426, 435 (9th

Cir.1983); *Karl's, Inc. v. Sunrise Computers, Inc.,* 21 F.3d 230, 232 (8th Cir.1994); *Schafler v. Fairway Park Condominium Ass'n,* 324 F.Supp.2d 1302, 1309-12 (D. Fla.2004); *but see Security Mutual Life Ins. Co. of New York v. Contemporary Real Estate Associates,* 979 F.2d 329, 331-32 (3d Cir. 1992) (standards for attorney fees and need for explicit findings of court on attorney fees governed by state law.)

I therefore conclude that the issue of whether to hold a hearing on attorney fees is a matter of federal law. It is therefore subject to my discretion. My Order of September 28, 2005 stating that I had sufficient information to make a determination of attorney fees without a hearing stands.

Therefore, it is Ordered that CPI's motion (Docket # 172) is GRANTED, in part and DENIED, in part, as follows:

1) CPI's Motion to amend the judgment awarding attorney fees and costs of January 3, 2006 (Docket # 167) to correct the error in the calculation of costs and fees of $5,169.32 is GRANTED, and the clerk shall enter an amended judgment in accordance with this Order; and

2) CPI's Motion for new trial by evidentiary hearing is DENIED.

**DONE and ORDERED,** this   3rd   day of April, 2006 at Denver, Colorado.

                                                     s/Lewis T. Babcock

                                             United States District Chief Judge